**UNITED STATES of America,**

v.

**Matthew SUGG, Defendant.**

No. 2007–PO–0190RBC.

United States District Court,
D. Massachusetts.

Sept. 11, 2008.

Lisa M. Asiaf, Timothy Q. Feeley, James F. Lang, Kenneth G. Shine, United States Attorney's Office, Boston, MA, Lee Chase, Robert L. Grant, William G. Hooper, National Park Service, Wellfleet, MA, for United States of America.

Michael A. Zawadzkas, Law Offices of Michael Zawadzkas, Orleans, MA, for Defendant.

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR A REQUIRED FINDING OF NOT GUILTY (# 16)

COLLINGS, United States Magistrate Judge.

### I. Introduction

Matthew Sugg ("Sugg") was charged in two Violation Notices with operating a motor vehicle under the influence of alcohol and refusal to take a breath test on July 28, 2007 in Eastham, Massachusetts on the Cape Cod National Seashore in violation of 36 C.F.R. §§ 4.23(a)(1) and 4.23(c)(2). After a non-jury trial at Hyannis, Massachusetts on March 19, 2008, the Court found Sugg guilty of both charges.

At trial, Sugg's counsel suggested that the Court was required to find Sugg not guilty on the charge of refusing the breath test because the Park Ranger had given him incorrect legal advice as to the consequences which would flow if he took the test and scored a particular result. The Court reserved that question. Subsequently, Sugg filed Defendant's Motion for a Required Finding of Not Guilty (# 16) on that charge, and counsel briefed the issue.

At Sugg's disposition on August 27, 2008, the Court indicated that it was going

within ten (10) days after being served with a copy thereof.

to deny the motion and did, in fact, sentence Sugg on both charges. For the reasons which follow, Defendant's Motion, Etc. (# 16) has been denied.[1]

## II. The Facts

Sugg was born on September 2, 1986; he was thus just twenty years old on July 28, 2007. The legal drinking age in Massachusetts is twenty-one. After Sugg was stopped and taken into custody for operating under the influence of alcohol at about 1:20 A.M. on July 28th, the Park Ranger brought him to the Eastham, Massachusetts Police Station for the purpose of administering a breath test. At the station, the Park Ranger read to Sugg the contents of a form entitled Cape Cod National Seashore, OUI Procedures, Statement to Defendant. During this process, Sugg continually protested that he did not understand what the Park Ranger was telling him. As a result, the Park Ranger had to go over the form with Sugg, and, in fact, read the form to him seven times. The information on the form is entirely correct. After about fifteen to twenty minutes, Sugg agreed to take the test and initialed the form next to the word "YES"[2] and signed the form. However, before the test could be administered, he stated that he changed his mind and would not take the test. He refused to initial another copy of the form next to the word "NO", and the operator of the machine entered Sugg's refusal.[3] Then, about forty-five minutes later, Sugg said he would take the test; however, since the refusal had already been entered into the machine and sent to the Registry of Motor Vehicles, Sugg was told it was too late to change his mind.

## III. The Problem

The document (Exhs. A & B) which the Park Ranger read to Sugg contained, in pertinent part, the following advice:

5. If you refuse to submit to a breathalyzer test, you will be issued a separate violation notice for violating 36 Code of Federal Regulations 4.23(c)(2), in addition to the violation notice issued for operating a motor vehicle under the influence of intoxicating liquor or drugs. Proof of refusal may be admissible in any related judicial proceeding. The maximum penalty for this violation is a fine of up to $5000 and/or 6 mos. in jail.

**Driver's age 21 and OVER**—Upon refusal, the Massachusetts Registry of Motor Vehicles will be notified which will result in an administrative suspension of your driver's license for at least a period of 180 days up to life. (Or right to drive in MA for out of state drivers)

**Driver's UNDER age 21**—Upon refusal, the Registry of Motor Vehicles will be notified which will result in an administrative suspension for at least a period of 3 years up to life.

6. The Massachusetts Registry of Motor Vehicles will be notified of any reading at or above .08 BAC [blood alcohol count] and will result in an administrative suspension of your driver's license for a period of 30 days. (Or right to drive in MA for out of state drivers). Driver's [sic] under age 21 will also face an additional suspension of 180 days up to one year.

1. The Court denied the motion in an electronic order on September 3, 2008 indicating an explication of the Court's reasons for the denial would follow. This within Memorandum and Order, Etc., sets forth the Court's reasons for the denial.

2. This form which Sugg initialed is attached hereto as Exhibit A.

3. The form which Sugg refused to initial is attached hereto as Exhibit B.

As indicated, *supra*, these advices are entirely correct. The problem is that during the many times the Park Ranger attempted to explain the information on the form to Sugg, he also (admittedly) told Sugg that because he was under 21, if his blood alcohol content (hereinafter, "BAC") reading was .02 or more, "he would be charged."[4] The plain inference was that Sugg could be found guilty of driving under the influence of alcohol if the breath test resulted in a reading of .02 or more. This was incorrect. To be guilty of the criminal charge of driving under the influence of alcohol on the basis of a person's BAC, the prosecution would have to prove that the BAC was .08 or higher.

What happened was that the Park Ranger confused criminal penalties with administrative penalties. Under Massachusetts law, there are administrative penalties for a person under the age of twenty-one whose BAC is .02 or higher. Mass. Gen L. c. 90, § 24(f)(2) provides:

> If a person's blood alcohol percentage is not less than eight one-hundredths or the person is under twenty-one years of age and his blood alcohol percentage is not less than two one-hundredths, such police officer shall do the following:
>
> (i) immediately and on behalf of the registrar take custody of such person's drivers license or permit issued by the commonwealth;
>
> (ii) provide to each person who refuses the test, on behalf of the registrar, a written notification of suspension, in a format approved by the registrar; and
>
> (iii) immediately report action taken under this paragraph to the registrar.

However, criminal liability for driving under the influence of alcohol is the same regardless of age; the prosecution must prove a BAC of .08 or higher.

### IV. The Legal Consequences (if any) of the Incorrect Advice

In the circumstances of the instant case, the Court rules that the Park Ranger's error is not a defense to the charge. The crucial point is that under the regulations, refusal to submit to a breath test is itself a criminal act. In these circumstances, the only advice required is the fact that the act of refusal is a crime and the maximum punishment which can be imposed upon conviction of that crime. There is no question that such advice was given in the instant case. Beyond that, the fact that the Park Ranger gave misleading advice as to what must be proven in order for a person under twenty-one to be charged with operating a motor vehicle under the influence of alcohol is simply not a defense.

Under 36 C.F.R. § 4.23(c)(2), refusal to take the breath test is not an option; refusal to take the test is "prohibited." *Cf. United States v. Sauls*, 981 F.Supp. 909, 912 (D.Md., 1997). This is in contrast to many state laws where refusal is not treated as a crime, and the accused has the option to consent or refuse, but refusal can result in other consequences. In those cases, states have required that the "other consequences" be spelled out. *See, e.g., State v. Wilson*, 92 Hawai'i 45, 987 P.2d 268 (1999).

In addition, this is not the type of case such as *Roberts v. State of Maine*, 48 F.3d 1287 (1 Cir., 1995). In Maine, the state had "an implied consent procedure to encourage the voluntary testing of drunk drivers." *Id.* at 1294. In other words, there was a right to refuse to take the

---

**4.** After listening to the tape of the trial, I find as a fact that these were the precise words which the Park Ranger used when he talked to Sugg.

breath test, albeit with consequences for the refusal. However, unlike the Park Service regulation, 36 C.F.R. § 4.23(c)(2), in Maine the refusal to submit to a breath test is not a separate criminal act. However, one of the consequences of a refusal is a minimum mandatory 48–hour jail sentence if the defendant is found guilty of operating under the influence of alcohol at trial. *Id.* at 1289 (". . . a defendant's refusal to submit to the test is considered to be an 'aggravating factor' for the determination of [the] defendant's sentence and . . . [the] defendant's refusal will result in a mandatory minimum sentence of 48 hours incarceration upon conviction") (citation omitted).

In *Roberts*, the Court found a due process violation because the defendant was not warned of this consequence, which the Court denoted "irrevocable and irrebuttable," although he was warned of others. *Roberts*, 48 F.3d at 1295. In other words,

there were no later procedural safeguards which ". . . would have had any value." *Id.*

The instant case is quite different. If Sugg had submitted to the test, at a trial of the charges, Sugg's lawyer would have had the opportunity to persuade the Court to apply the proper standard, i.e., that the prosecution must prove that the BAC was .08 or above to sustain a conviction under 36 C.F.R. § 4.23(a)(2).[5] No adverse consequences would have befallen Sugg; put another way, the erroneous advice was harmless.[6] The fact that the error could be corrected at trial is a "procedural safeguard" which has long been recognized as satisfying due process requirements.

### V. Conclusion and Order

In the instant case, the Court rules that Sugg was properly convicted of the crime of refusal to submit to a breath in violation of 36 C.F.R. § 4.23(c)(2). Accordingly, the Motion for a Required Finding of Not Guilty (# 16) has been denied.

---

**5.** Of course, since no test was conducted, Sugg was not charged with a violation of § 4.23(a)(2); rather, he was charged and convicted of a violation of 36 C.F.R. § 4.23(a)(1) which does not require a BAC reading in order to convict.

**6.** *See Sauls*, 981 F.Supp. at 913–4 ("Although the defendant was misinformed concerning

the applicability of the Maryland implied consent law, this mistake does not invalidate a test which the defendant did not have the right to refuse. Any error that occurred was harmless.") (footnote omitted).